IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIGUEL ROMERO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 1704 |
| | ) |
| WRIGHT BUSINESS FORMS, INC. | ) |
| | ) Judge Kennelly |
| | ) Magistrate Judge Denlow |
| Defendant. | ) |

**WRIGHT BUSINESS FORMS INC.'S MEMORANDUM IN SUPPORT OF ITS RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I. INTRODUCTION**

Plaintiff's complaint for employment discrimination under the Americans With Disabilities Act ("ADA") fails to state a claim because it is time-barred and raises a claim not previously filed with the Illinois Department of Human Rights or the Equal Employment Opportunity Commission. Plaintiff has not pled any facts sufficient to overcome these hurdles, and dismissal is therefore warranted.

**II. FACTS**

On May 16, 2006, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights ("IDHR") alleging discrimination by Wright Business Forms, Inc. ("WBF") based on a disability in violation of the Illinois Human Rights Act ("IHRA"). (Compl. ¶ 7.1(a)(ii)). Plaintiff's Charge of Discrimination was also cross-filed with the Equal Employment Opportunity Commission ("EEOC") on May 16, 2006.

(Compl. ¶ 7.1(b)). It is the policy of the IDHR and the EEOC to cross-file with the other agency all charges received. *Id.*

On December 17, 2007, the EEOC issued a Notice of Right to Sue ("Right to Sue Letter"), which Plaintiff received on December 19, 2007. (Compl. ¶ 8(b)). The Right to Sue Letter did not identify the forum in which Plaintiff might sue, but advised Plaintiff that he must do so within ninety days or that right would be lost. (Ex. A, a copy of the Right to Sue Letter).[1] To be timely, Plaintiff should have filed his lawsuit by March 18, 2008.

According to the case docket, this Court received Plaintiff's complaint on March 24, 2008 along with an application for leave to proceed *in forma pauperis* and a motion for appointment of counsel. On April 7, 2008, the court granted Plaintiff's motion for leave to proceed *in forma pauperis*, denied Plaintiff's motion for appointment of counsel and ordered Plaintiff's complaint to be filed. Under either filing date, the complaint was filed after March 18, 2008. In addition, instead of filing a civil action in state court alleging a violation of the IHRA, as alleged in Plaintiff's Charge of Discrimination filed with the IDHR on May 16, 2006, Plaintiff filed a claim in federal court alleging, for the first time, a violation of the ADA. (Compl. ¶ 9(c)).

---

[1] Plaintiff's complaint indicates the Right to Sue Letter was attached. It was not, but nonetheless, forms part of Plaintiff's complaint. For this Court's reference, WBF attaches the Right to Sue Letter to this Memorandum.

### III. ARGUMENT

#### A. Plaintiff's Claim is Time-Barred

Under the ADA, a plaintiff must file a civil action within ninety days from the date the EEOC gives notice of the right to sue or the claim is barred. *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). The time limit is not flexible, even for *pro se* litigants, and a one-day delay is fatal. *Johnson v. Spiegel, Inc.*, 2002 U.S. Dist. LEXIS 15263, No. 02 C 0680, 2002 WL 1880137, at *6 (N.D. Ill. Aug. 15, 2002) (quoting *Davis v. Browner,* 113 F. Supp. 2d 1223, 1225 (N.D. Ill. 2000) and collecting numerous cases, including *Brown v. City of Chicago,* 1998 U.S. Dist. LEXIS 15739, No. 96 C 3078, 1998 WL 704278, at *3 (N.D. Ill. 1998)).

Taking Plaintiff's allegations of discrimination as true and drawing all inferences in favor of Plaintiff, as the Court must do, Plaintiff's claim is time-barred. Plaintiff received actual notice of his right to sue when he received the Right to Sue Letter on December 19, 2007. *St. Louis v. Alverno College*, 744 F.2d 1314, 1316-17 (7th Cir. 1984) (90-day limitations period begins to run when the claimant receives actual notice of his right to sue and plaintiff must take reasonable steps to ensure receipt); *Bobbitt v. The Freeman Companies*, 268 F.3d 535, 538-39 (N.D. Ill. 2001) (plaintiff's failure to retrieve certified mail in a timely manner insufficient to extend 90-day filing period). For a civil action to have been timely filed under the ADA, Plaintiff should have filed by March 18, 2008. Plaintiff did not file a complaint until March 24, 2008, six days after the statutory period had passed. The Court then ordered the complaint filed on April 7, 2008. Under either filing date, March 24, 2008 or April 7, 2008, Plaintiff's claim exceeds the statutory ninety-day period to file a civil action under the ADA and should therefore be dismissed

pursuant to Federal Rule of Civil Procedure 12(b)(6). *Vitello v. Liturgy Training Publs.*, 932 F. Supp. 1093, 1096 (N.D. Ill. 1996) (holding that the 90-day filing requirement is not jurisdictional but instead acts as a statute of limitations, and that a failure to comply with the time limit for filing a lawsuit should be treated as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)).

The complaint identifies no special circumstances which give rise to waiver, estoppel or equitable tolling of this rigid limitations period. *See Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 150-51 (1984) (rejecting the plaintiff's request to toll the statute of limitations period finding that (1) the plaintiff received adequate notice from the EEOC; (2) the defendant had not lulled the plaintiff into inaction; (3) appointment of counsel was not pending when the statutory ninety-day period expired; and (4) the court had not led the plaintiff to believe the plaintiff had done everything that was required); *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (rejecting plaintiff's request to toll 90-day limitations period because "equitable tolling is an exception to the general rule and is restricted to those extreme circumstances in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing her complaint on time."); *Davis v. Browner*, 113 F. Supp. 2d 1223, 1227 (N.D. Ill. 2000) (rejecting plaintiff's request to toll 90-day limitations period because no good faith error existed).

First, Plaintiff cannot claim excusable ignorance of or noncompliance with the limitations period based on inadequate notice. *See e.g., Baldwin*, 466 U.S. at 150-51. Plaintiff received a Right to Sue Letter from the EEOC on December 19, 2007 stating that his "lawsuit **must be filed <u>WITHIN 90 DAYS</u> of…receipt of this Notice**" or his

4

right to sue would be lost. (Ex. A); (Compl. ¶ 8(b)). Second, Plaintiff has not alleged any affirmative misconduct of Defendant that lulled Plaintiff into inaction, such as false promises of settlement offers. *Id.* Third, there was no pending motion for appointment of counsel filed by Plaintiff during the statutory period which would justify equitable tolling. *Id.* Plaintiff's motion for appointment of counsel was filed on March 24, 2008, at the same time he filed the complaint, which was six days after the statutory ninety day period had passed. Fourth, the district court has not acted in this case, and therefore could not have lead Plaintiff to believe that he had done everything required by the statute. *Id.* Finally, Plaintiff did not "actively pursue his judicial remedies by filing a defective pleading during the statutory period." *Irwin v. Department of Veterans Affairs,* 498 U.S. 89, 96 (1990) (holding that equitable estoppel is applied only sparingly and finding no grounds to equitably toll the ninety-day period). This complaint is the first filed by Plaintiff following his receipt of the Right to Sue Letter on December 19, 2007. Accordingly, Plaintiff has failed to allege—because he cannot—any basis for avoiding the ninety-day filing requirement of which he was clearly informed in the Right to Sue Letter, thus his claim should be dismissed.

### B.    Plaintiff's ADA Claim was not Raised Before the IDHR

In the alternative, Plaintiff's complaint should be dismissed because it raises a claim not previously filed with the IDHR or the EEOC. As a general rule, a plaintiff cannot bring ADA claims in a civil action that were not previously raised in an EEOC charge. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111-12 (7th Cir. 1992); *see also* 42 U.S.C. § 12117(a) (subjecting ADA claims to the procedural requirements of Title VII). Allowing a plaintiff to file a civil action without complying with the procedures

applicable to ADA claims would prevent the IDHR or the EEOC and the employer from settling the dispute through conference, conciliation and persuasion, which is a primary purpose of these procedural rules. *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1035 (9th Cir. 2004). It would also deprive an employer of sufficient notice of the conduct the employee is complaining about. *See Rush*, 966 F.2d at 1110.

The only charge Plaintiff filed with the IDHR and cross-filed with the EEOC alleged discrimination by WBF based on a disability in violation of the Illinois Human Rights Act. Plaintiff's complaint, however, alleged for the first time discrimination based on a disability in violation of the ADA. Because this federal claim was not raised before the IDHR or EEOC, Plaintiff's ADA claim should be dismissed.

### IV. CONCLUSION

Because Plaintiff's claim is time-barred and raises a claim not previously filed with the IDHR or cross-filed with the EEOC, this Court should dismiss Plaintiff's complaint in its entirety under Federal Rule of Civil Procedure 12(b)(6) and grant such further relief as this Court deems proper.

Respectfully submitted,

_____
One of the Attorneys for Wright Business Forms, Inc.

Firm I.D. #28
**BAKER & McKENZIE LLP**
Erin McCloskey Maus
130 East Randolph Drive
Chicago, Illinois 60601
Phone: (312) 861-8000
Fax: (312) 698-2268
erin.m.maus@bakernet.com

CHIDMS1/2627282.1

## CERTIFICATE OF SERVICE

### Miguel Romero v. Wright Business Forms, Inc.
### 1:08-cv-1704

I hereby certify that on Tuesday, June 11, 2008, I electronically filed the foregoing **Wright Business Forms Inc.'s Memorandum in Support of Its Rule 12(B)(6) Motion to Dismiss Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system, and sent notice of electronic filing via U.S.PS Certified Mail to the following:

| | |
|---|---|
| Miguel Romero<br>2100 Scoville Ave., Apt. No. 2<br>Berwyn, Illinois 60402 | served via U.S.PS Certified Mail |

/s/  Erin M. Maus
BAKER & McKENZIE LLP
One Prudential Plaza
130 East Randolph Drive, Suite 3500
Chicago, IL 60601
Phone: (312) 861-8202
Facsimile: (312) 861-2899
Email: Erin.M.Maus@Bakernet.com

CHIDMS1/2627484.1