# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1704 | **DATE** | 7/9/2008 |
| **CASE TITLE** | Romero vs. Wright Business Forms | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court denies defendant's motion to dismiss [docket no. 10] and directs Wright to answer the complaint by no later than July 23, 2008.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Miguel Romero has sued his former employer Wright Business Forms under the Americans with Disabilities Act (ADA). Wright has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court denies the motion for the reasons stated below.

Wright's first argument is that Romero's suit is untimely. Under the ADA, a plaintiff must file suit within ninety days after receiving a notice of right to sue from the Equal Employment Opportunity Commission (EEOC). *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999). In paragraph 8(b) of his complaint, Romero says that he received the notice of right to sue on December 19, 2007. He filed suit on March 24, 2008, ninety-six days later. Wright argues that because Romero does not allege any basis for excusing his delay, his complaint is untimely and must be dismissed.

Dismissal under Rule 12(b)(6) based on the statute of limitations is "irregular, for the statute of limitations is an affirmative defense." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004). The only real exception is when "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, (7th Cir. 1998). This is not such a case. The ninety-day limitations period is subject to the doctrine of equitable tolling. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1981). The Court cannot say, based on the complaint alone, that Romero is not entitled to tolling of the ninety-day period; as the Seventh Circuit has consistently ruled, "litigants need not try to plead around defenses." *Doe v. GTE Corp.*, 347 F.3d 655, 656 (7th Cir. 2003); *Leavell v. Kieffer*, 189 F.3d 492, 494 (7th Cir. 1999). For this reason, dismissal of Romero's claim under Rule 12(b)(6) based on the statute of limitations would be inappropriate. If Wright wants to seek a disposition of Romero's claim on this basis, it should file a motion for summary judgment.

Wright's second argument is that Romero's ADA claim is outside of the scope of the charge he filed with the

**STATEMENT**

Illinois Department of Human Rights (IDHR ), which cross-filed the charge with the EEOC.  As a general rule, a plaintiff cannot bring a claim in court that he did not raise in his administrative charge.  *See* 42 U.S.C. § 12117(a) (ADA claims are subject to procedural requirements for claims under Title VII of the Civil Rights Act of 1964); 42 U.S.C. § 2000e-5(e)(1) (requirement to file charge with EEOC or parallel state agency); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994).  But as the Seventh Circuit has ruled,

> because most EEOC charges are completed by laypersons rather than by lawyers, a . . . plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint.  The test for determining whether an EEOC charge encompasses the claims in a complaint therefore grants the . . . plaintiff significant leeway:  all . . . claims set forth in a complaint are cognizable that are like or reasonably related to the allegations of the charge and growing out of such allegations.  Thus the test . . . is satisfied if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.

*Id.* (citations and internal quotation marks omitted).

Romero filed his charge with the IDHR, as he was entitled to do; the IDHR then cross-filed the charge with the EEOC.  His charge is attached to his complaint in this case.  In the charge, Romero stated that he was discharged "due to my physical handicap, herniated disc (lower lumbar pain)."  Wright seizes on the fact that the charge goes on to say that he is "a handicapped individual within the meaning of Section 1-103(I) of the Illinois Human Rights Act," and then uses this to argue that Romero asserted only a state-law claim, not an ADA claim, and thus is precluded from bringing the federal ADA claim in court.  This is, quite honestly, a frivolous argument.  First of all, it is a virtual certainty that the reference to the Illinois Human Rights Act was included by the IDHR employee with whom Romero worked in preparing the charge; it is highly unlikely that Romero was aware of this subsection on his own.  But the Court need not reach that point to reject Wright's argument, for there is absolutely no question that Wright's ADA claim is, as *Cheek* requires, "like or reasonably related to the allegations of the charge."  Wright cites no authority, nor is the Court aware of any, that suggests that a plaintiff's citation of a parallel state statute in his administrative charge precludes him from bringing the selfsame claim under the parallel federal statute.  Wright should not have asserted this baseless argument in its motion.

For these reasons, the Court denies defendant's motion to dismiss [docket no. 10] and directs Wright to answer the complaint by no later than July 23, 2008.