IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIGUEL ROMERO ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08 C 1704 |
| ) | |
| WRIGHT BUSINESS ) | |
| FORMS, INC., n/k/a ) | Judge Kennelly |
| PAL GRAPHICS, INC. ) | Magistrate Judge Denlow |
| ) | |
| Defendant. ) | |

**ANSWER TO COMPLAINT OF EMPLOYMENT DISCRIMINATION**

Defendant, Wright Business Forms, Inc., now known as Pal Graphics, Inc. ("WBF"), by and through its attorneys in this regard, BAKER & McKENZIE LLP, and for its Answer to Plaintiff's Complaint of Employment Discrimination (the "Complaint"), states as follows:

1.  This is an action for employment discrimination.

    **ANSWER:** Defendant, WBF, admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.  The plaintiff is Miguel Romero of the County of Cook in the State of Illinois.

    **ANSWER:** Defendant, WBF, admits that the plaintiff is Miguel Romero. Further answering, Defendant is without facts sufficient to either admit or deny the remaining allegations in Paragraph 2 of Plaintiff's Complaint, and demands strict proof thereof.

3.   The defendant is Wright Business Forms, whose street address is 2525 Braga Drive, Broadview, Cook County, Illinois 60152. (708) 865-7600.

**ANSWER:**   Defendant, WBF, admits that it operated the Patton Envelope business at 2525 Braga Drive, Broadview, Cook County, Illinois, 60152. Further answering, Defendant admits that the general phone number for Defendant's Patton Envelope business in Broadview, Illinois was (708) 865-7600.

4.   The plaintiff sought employment or was employed by the defendant at 2525 Braga Drive, Broadview, Cook County, Illinois 60153.

**ANSWER:**   Defendant, WBF, admits that Plaintiff was employed by WBF's Patton Envelope business at 2525 Braga Drive, Broadview, Cook County, Illinois 60153.

5.   The plaintiff was employed but is no longer employed by the defendant.

**ANSWER:**   Defendant, WBF, admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.   The defendant discriminated against the plaintiff on or about, or beginning on or about, March 3, 2006.

**ANSWER:**   Defendant, WBF, denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.   The defendant is not a federal governmental agency, and the plaintiff has filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with the Illinois Department of Human Rights, on or about May 15, 2006. A copy of the charge is attached. It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to

cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

**ANSWER:** Defendant, WBF, admits that it is not a federal governmental agency, and that Plaintiff filed a charge with the Illinois Department of Human Rights on or about May 15, 2006. Defendant, WBF, also admits a copy of the charge was attached to the Complaint. Defendant, WBF, understands that it is the policy of the Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received and admits that such policy was followed in this case.

8. The United States Equal Employment Opportunity Commission has issued a Notice of Right to Sue, which was received by the plaintiff on December 19, 2007 a copy of which Notice is attached to this complaint.

**ANSWER:** Defendant, WBF, admits the Equal Employment Opportunity Commission issued a Notice of Right to Sue, which was received by Plaintiff on or around December 19, 2007.

9. The defendant discriminated against the plaintiff because of the plaintiff's (c) Disability (Americans with Disabilities Act or Rehabilitation Act).

**ANSWER:** Defendant, WBF, denies the allegations contained in Paragraph 9(c) of Plaintiff's Complaint.

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

3

**ANSWER:** Defendant, WBF, is not a state, county, municipal (city, town or village) or other local governmental agency; therefore, Paragraph 10 of Plaintiff's Complaint is inapplicable to Defendant and no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), and 42 U.S.C. § 2000e-5(f)(3); for 42 U.S.C. §1981 and § 1983 by 42 U.S.C. § 1988; for the A.D.E.A. by 42 U.S.C. § 12117; for the Rehabilitation Act, 29 U.S.C. § 791.

**ANSWER:** Defendant, WBF, admits that this Court has jurisdiction over Plaintiff's discrimination claim.

12. The defendant terminated the plaintiff's employment and failed to (e) reasonably accommodate the plaintiff's disabilities.

**ANSWER:** Defendant, WBF, admits that it terminated Plaintiff as part of a reduction in headcount on or around March 2, 2006. Defendant denies the remaining allegations of Paragraph 12(e) of Plaintiff's Complaint.

13. The facts supporting the plaintiff's claim of discrimination are as follows:

(a) My name is Miguel Romero, I was hired by Wright Business Forms, Incorporated in June 2004, as a die cutter.

**ANSWER:** Defendant, WBF, admits that Miguel Romero was hired by Wright Business Forms in its Patton Envelope & Printing business in June 2004 as a die cutter.

4

(b)     In February, 15, 2005, I suffered an injury in my low back, after therapy treatment I had a surgery for herniated disc at L5-S1 lumbar spine on May 17, 2005.

**ANSWER:**   Defendant, WBF, admits that on February 15, 2005, plaintiff sustained an injury to his lower back while working. Defendant is without facts sufficient to either admit or deny the remaining allegations contained in Paragraph 13(b) of Plaintiff's Complaint, and demands strict proof thereof.

(c)     In October 2, 2005, I was sent back to work without restrictions, but I couldn't perform my full duty, because I was on pain.

**ANSWER:**   Defendant, WBF, denies the allegations contained in Paragraph 13(c) of Plaintiff's Complaint.

(d)     In October, 20, 2005, I was evaluated by my Doctor's surgeon (Edwin J. Goldberg) and released me to work with restriction.

**ANSWER:**   Defendant, WBF, admits only that on October 28, 2005 Plaintiff presented WBF with a doctor's note stating Plaintiff was able to work without restrictions, but requested that Plaintiff not work with large dies. Defendant denies the remaining allegations contained in Paragraph 13(d) of Plaintiff's Complaint.

(e)     By March 3, 2006, I was discharged by my supervisor Joseph Mickalowski telling me that it was ordered by Robert Biester (former manager) because of slow work business, and tried me to sign a settlement agreement, in consideration I should receive 2 weeks extra salary and the permit to apply for unemployment benefits.

**ANSWER:**   Defendant, WBF, admits only that on March 2, 2006, Plaintiff was terminated as part of a reduction in headcount. Defendant is without facts sufficient to

either admit or deny the remaining allegations in Paragraph 13(e) of Plaintiff's Complaint, and demands strict proof thereof.

(f)   But the true is that they discharged me for my physical handicap not for slow business, because there were plenty of work were I could do.

**ANSWER:**   Defendant, WBF, denies the allegations contained in Paragraph 13(f) of Plaintiff's Complaint.

(g)   I've never been refused back to work.

**ANSWER:**   Defendant, WBF, denies the allegations contained in paragraph 13(g) of Plaintiff's Complaint.

## DEMAND FOR JURY TRIAL

Defendant, WBF, demands trial by jury on all issues.

WHEREFORE, Defendant, Wright Business Forms, Inc., denies that plaintiff, MIGUEL ROMERO, is entitled to any damages whatsoever, including injunctive relief, and demands judgment in its favor and against plaintiff.

## AFFIRMATIVE DEFENSES

1) Plaintiff's discrimination claim is barred by the limitation period for filing a civil action set forth in 42 U.S.C. § 2000e-5(f)(1) and made applicable to Plaintiff's discrimination claim by 42 U.S.C. 12117(a).

2) Defendant demonstrated good faith efforts, in consultation with Plaintiff, to identify and make a reasonable accommodation that would provide Plaintiff with an equally effective opportunity and would not cause an undue hardship on the operation of Defendant's business. *See* 42 U.S.C. § 1981a(a)(3).

3) Plaintiff is not "disabled" as defined under 42 U.S.C. § 12102(2).

4) Defendant reserves the right to request leave to file additional affirmative defenses and other defenses as they become known.


Date: July 23, 2008

Respectfully submitted,

/s/ Erin McCloskey Maus
One of the Attorneys for Wright Business Forms, Inc.

Firm I.D. #28
**BAKER & McKENZIE LLP**
Erin McCloskey Maus
130 East Randolph Drive
Chicago, Illinois 60601
Phone: (312) 861-8000
Fax: (312) 698-2268
erin.m.maus@bakernet.com

## CERTIFICATE OF SERVICE

### Miguel Romero v. Wright Business Forms, Inc.
### 1:08-cv-1704

I hereby certify that on Tuesday, July 23, 2008, I electronically filed the foregoing **Wright Business Forms Inc.'s Answer to Complaint of Employment Discrimination** with the Clerk of the Court using the CM/ECF system, and sent notice of electronic filing via U.S.PS Certified Mail to the following:

| | |
|---|---|
| Miguel Romero<br>2100 Scoville Ave., Apt. No. 2<br>Berwyn, Illinois  60402 | served via U.S.PS Certified Mail |

/s/   Erin M. Maus
BAKER & McKENZIE LLP
One Prudential Plaza
130 East Randolph Drive, Suite 3500
Chicago, IL  60601
Phone: (312) 861-8202
Facsimile: (312) 861-2899
Email: Erin.M.Maus@Bakernet.com

CHIDMS1/2627484.1